### BUCK et al. v. DACIER et al.
### No. 4478.

District Court, D. Massachusetts.
Nov. 15, 1938.

Guterman & Guterman and Samuel Berkett, all of Boston, Mass., for plaintiffs.

J. Friedberg, of Boston, Mass., for defendants.

FORD, District Judge.

This is a suit in which the defendants, as copartners, are charged with the infringement by public performance for profit of a copyrighted musical composition, in count one, entitled "Sweet Sue, Just You," and, in count two, of "It's A Sin To Tell A Lie," at a place of entertainment known as "The Barn" and operated by them at Webster Lake, Webster, Massachusetts.

The prayer of the bill was for an injunction and damages.

I intend that this memorandum will meet the requirements of Equity Rule 70½, 28 U.S.C.A. following section 723.

The plaintiffs are Gene Buck, who sues as a representative of the unincorporated association known as the American Society of Composers, Authors, and Publishers (hereinafter referred to as the society), and Shapiro, Bernstein & Co. Inc., and Donaldson, Douglas & Gumble Inc., corporations organized under the laws of the State of New York. The corporate plaintiffs are the owners of the copyrighted songs, "Sweet Sue, Just You," and "It's A Sin To Tell A Lie" in respect of which the exclusive non-dramatic rights for public performance for profit were assigned to the society for a term ending January 1, 1941.

On July 29, 1936, a list of the members of the society was sent to the defendants and in it were included the names of the corporate plaintiffs. The defendants were informed by three separate communications dated July 29, August 5, and August 20, of 1936, that they should avoid the performance of any musical compositions copyrighted by any member of the society unless a license to do so was obtained from it.

The plaintiffs presented as a witness one Stewart H. Meyers who testified that on December 18, 1936, he visited the defendants' place of business above mentioned; that people were seated around tables eating and drinking, while some were dancing; that he purchased food and drink, and an orchestra, which the defendants admitted they employed, played on that occasion four choruses of "Sweet Sue, Just You" and five choruses of "It's A Sin To Tell A Lie."

The defendants offered no evidence to deny the fact that the musical compositions were played as described by the witness Meyers, and it was admitted by them that they were the proprietors and in control of the establishment above described. They contended that they gave no directions nor did they designate what musical compositions the orchestra should or should not play.

Further, the defendants maintained that the corporate plaintiffs were not properly joined in this action and that there had been a misjoinder of parties plaintiff.

I find the orchestra employed by the defendants did play four choruses of "Sweet Sue, just You," and five choruses

of "It's A Sin To Tell A Lie," above described on the premises of the defendants known as "The Barn" on December 18, 1936; and that they were substantial and material parts of the above named compositions; that the witness Meyers was easily able to identify the musical compositions from having heard them played many times by orchestras and over the radio; that the defendants conducted their place of business for profit; it was public; and the music was performed for profit.

I conclude that the plaintiffs are the owners of valid copyrights as alleged in the bill and are entitled to bring this suit; that there was no misjoinder of parties in the allegations of the plaintiffs' bill of complaint; that the copyrights were infringed by the defendants on December 18, 1936, by the defendants giving public performance and rendition for profit of the musical compositions above named, to wit: "Sweet Sue, Just You," and "It's A Sin To Tell A Lie." The defendants are not absolved from liability because no detailed choice of selections were given to them. It is settled that knowledge of the particular selections to be played is immaterial and intention to infringe is unnecessary. See rules and cases cited in opinion filed November 8, 1938, in this Court, in the case of Gene Buck et al. **v.** Henry Della Russo, 25 F.Supp. 317.

Finally, under 17 U.S.C.A. § 25, the plaintiffs are entitled to the injunction which they seek and to the minimum statutory damages of two hundred fifty (250) dollars on each count.

A decree may be entered in accordance with the prayer for an injunction, and directing the defendants to pay the plaintiffs the sum of two hundred fifty (250) dollars on each count. The decree should also provide for an attorney's fee of one hundred (100) dollars, and costs of suit. 17 U.S.C.A. § 40.